COLUMBIA WAX PRODUCTS COMPANY, Respondent, v. INDIAN REFINING COMPANY, INC., Appellant.

First Department, May 31, 1918.

Sale — contract for sale of goods to be delivered monthly as called for by buyer — damages — failure of buyer to make demand for monthly shipments.

Where a contract for the sale of goods gave the buyer the power to call upon the seller to deliver fifteen carloads within twelve calendar months in fairly equal monthly quantities, but if the minimum for any month shall not be called for, the buyer shall not be allowed thereafter to demand the same, the buyer cannot recover as for a breach of contract, for the failure of the seller to deliver a shipment of goods for a particular month, if no demand for shipment in that month was made by the buyer.

But it was error to allow the buyer damages for two carloads not shipped when there was only one month in which the buyer made no demand for shipment, as one carload would be the minimum demandable under the contract.

APPEAL by the defendant, Indian Refining Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of January, 1918, denying defendant's motion for a new trial made upon the minutes.

*John Wallace Young* of counsel [*Richmond Weed*, attorney], for the appellant.

*Nathaniel Cohen* of counsel [*M. M. Leichter* with him on the brief; *Weissberger & Leichter*, attorneys], for the respondent.

SMITH, J.:

This action was brought by the vendee in a contract to recover damages for a breach of a contract of sale. The contract of sale is found in Exhibit " 1." It provides for the sale of from twelve to fifteen carloads of wax. The important parts of the contracts are as follows:

" *Shipments:* Shipments are to be made in fairly equal monthly quantities upon specifications furnished by the buyer before the 20th day of the month preceding the month in which such shipments are to be made. Shipment within five days before or after the date specified will be deemed compliance herewith.

" If buyer fails in any one month to take his monthly proportion of the above stated requirements or quantity, buyer cannot thereafter, without the written consent of seller, take the balance of the proportion for that month, but may be required by seller to take such balance. For the purposes of this contract, the failure of the buyer to furnish specifications for at least the minimum requirements or quantity deliverable hereunder monthly, shall excuse tender of performance hereunder on the part of the seller."

Again:

" Each shipment shall be deemed to be a separate and

independent contract, but if buyer fails to fulfil the terms of this contract, or of any other contract of buyer with seller, or if buyer's financial responsibility shall become impaired in the judgment of the seller, seller may, without prejudice to other lawful remedy, defer shipments until payment be made or terms of contract be complied with, or may demand cash payments, or may cancel this contract."

This contract ran from January 19 until December 31, 1915. It called for from twelve to fifteen carloads. Because the parties so agree, we will hold that under this contract the plaintiff had the right to call for fifteen carloads.

It will be noticed that these carloads are to be delivered in "fairly equal monthly quantities," and if the minimum for any month shall not be called for, then what would have been due in that month and not called for, the buyer shall not be allowed thereafter to demand. There were in fact thirteen carloads delivered, and this recovery is for the loss of profit upon two carloads not delivered.

The defense is that the minimum quantity was not called for in May and June, and assuming the minimum quantity to be one carload a month, they were excused from delivering two of the cars. Naturally the minimum quantity would be one carload a month, as there were fifteen carloads to be delivered in twelve months. It would also be necessary in order to make fairly equal monthly delivery to call for an extra carload about every three months.

It appears that there was one carload ordered for January, one for February, one for March and two for April. There was no carload ordered for May. In June, 1915, a carload was ordered for July first, or sooner. I think that may be deemed to be a carload ordered for June. There was one carload ordered for July, one for August, one for September, two for October, and about October fifteenth all of the balance of the fifteen, not then delivered, were ordered. It seems to me clear, therefore, that the plaintiff cannot recover for the carload that should have been ordered for May and was not so ordered. It is true that there were two carloads ordered for April, but that must be deemed one of the three carloads extra that must be taken within the twelve months for which orders must be distributed, as to time. The carload that was

ordered for April did not in fact arrive until May fifth, but nevertheless, it was not ordered for May, and if you take the actual arrival of the carloads, there was no carload arrival in June, so that my conclusion is that the right to get one of these carloads was forfeited by the buyer for failure to get the minimum quantity for the month of May. The judgment gave the buyer damages for the two carloads not furnished. There was a counterclaim in this case for $1,082.87 for the two last carloads that were delivered and accepted. There is no question as to that amount and as to the liability of the plaintiff therefor. The damages claimed by plaintiff for the failure to deliver these two cars were fixed at $1,645.37. Half of that, or damages for one car, would be $822.64. This would leave owing to the defendant upon its counterclaim the sum of $260.23, and I recommend that the judgment and order be reversed and a new trial ordered, with costs to the appellant to abide event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event. Order to be settled on notice.